915 F.2d 1571
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James Lee DICKENS, Plaintiff-Appellant,
v.
Pam WITHROW, Warden, Rivers, Deputy Warden, Dr. Shillinglaw,
Mick Rynd, Medical Supervisor, Adams, Assistant
Deputy Warden, Defendants-Appellees.
 No. 89-2405.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1990.
 
 1
 Before DAVID A. NELSON and ALAN E. NORRIS, Circuit Judges, and HIGGINS, District Judge.*
 
 ORDER
 
 2
 James Lee Dickens, a Michigan prisoner who is represented by counsel, appeals the district court's dismissal of his civil rights complaint filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This action was originally filed pro se while Dickens was an inmate at the Michigan Reformatory. Prior to his entering prison, Dickens had a colostomy as a result of a bullet wound to his abdomen. Seeking monetary relief, Dickens sued these Michigan state corrections officials alleging that they violated his eighth amendment rights because they acted with deliberate indifference to his serious medical needs by refusing to immediately schedule him for surgery to repair his colon (a colostomy closure). Dickens alleged that although he had been in prison for sixteen months at the time the complaint was filed, he was still on the surgical waiting list. Dickens did not allege the capacity in which the defendants were being sued.
 
 
 4
 Defendants first filed an answer stating that Dickens was placed on the waiting list because a colostomy closure is deemed elective surgery as it is considered a medical non-emergency. Thereafter, defendants filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), arguing that Dickens's allegations were conclusory, and that his complaint failed to allege that defendants' conduct constituted a violation of any of Dickens's constitutional rights. The magistrate recommended the complaint be dismissed, finding that Dickens had failed to set forth any indication that he had been subjected to deliberate indifference to a serious medical need. Thereafter, counsel, who appeared pro bono, filed objections to the magistrate's report, and moved for leave to file an amended complaint in order to add a claim under the Rehabilitation Act of 1973, 29 U.S.C. Sec. 701 et seq. The district court adopted the magistrate's recommendation after reviewing Dickens's objections. The court also denied Dickens's motion for leave to amend the complaint, finding that an amendment would serve no useful purpose because putting Dickens on a waiting list for elective surgery was not cruel and unusual treatment under the eighth amendment.
 
 
 5
 On appeal, Dickens reasserts his claims and argues that the district court erred in denying his motion for leave to file an amended complaint.
 
 
 6
 Upon review, we affirm the district court's judgment. Dickens basically argues that the colostomy closure should have been immediately scheduled because the closure is a medical necessity. Defendants responded by stating that Dickens's colostomy was functioning properly and that Dickens was placed on the surgical waiting list because they deemed the closure a medical non-emergency. The defendants were not deliberately indifferent to Dickens's medical needs because a difference of opinion between the plaintiff and his doctor regarding an elective surgical procedure does not state a claim for an eighth amendment violation. See Estelle v. Gamble, 429 U.S. 97, 104-07 (1976).
 
 
 7
 Moreover, Dickens did not plead the capacity in which the defendants were sued, as he was required to do. See Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). Under these circumstances, the defendants are not subject to suit for monetary damages under 42 U.S.C. Sec. 1983 for actions taken presumably in their official capacity. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989).
 
 
 8
 Finally, the district court did not abuse its discretion in denying Dickens's motion for leave to amend complaint because the complaint, as amended, could not have withstood a motion to dismiss because Dickens suffered no constitutional deprivation, nor did he set forth specific facts establishing that he was entitled to relief under the Rehabilitation Act of 1973. See Head v. Jellico Housing Auth., 870 F.2d 1117, 1123-24 (6th Cir.1989).
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.